UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE LEGACY AGENCY, INC.,
                        Plaintiff,

         -v-

GREGORY GENSKE,
                        Defendant.

19-CV-2951 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Defendant Gregory Genske has moved this Court to stay the present matter pending the outcome of parallel arbitration involving Plaintiff The Legacy Agency, Inc. ("TLA"). (*See* Dkt. No. 27.) Genske's submissions are ambiguous as to whether he seeks a stay under § 3 of the Federal Arbitration Act ("FAA") or rather pursuant to the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (quoting *Nederlandse Erst-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964)); *see* Dkt. No. 27 at 2. Nonetheless, the Court concludes that a stay is not warranted under either authority.

    Section 3 of the FAA does not compel a stay in the present case because the parties did not agree to arbitrate disputes arising out of the promissory note. Section 3 requires that a court stay the disposition of any matter "referable to arbitration." 9 U.S.C. § 3. "A court determining whether a dispute is arbitrable must answer two questions: (1) whether the parties agreed to arbitrate; and (2) whether the particular dispute falls within the scope of that agreement." *Manos v. Geissler*, 321 F.Supp.2d 588, 592 (S.D.N.Y. 2004). It is undisputed that the promissory note under which TLA's claim arises does not contain an arbitration agreement. Genske suggests,

1

however, that either his employment contract with TLA or the MLB Players Association Regulations Governing Player Agents ("MLBPA Regulations") supplies such an agreement. "[W]here, as here, the question is whether the arbitration clause in one contract should govern a claim alleging breach of a different contract, the Second Circuit consistently has asked whether the claim requires construction of the contract that contains the arbitration clause or otherwise implicates the parties' rights and obligations under that contract." *Mirant Americas Energy Mktg. LP v. 1st Rochdale Co-op. Grp., Ltd.*, 363 F. Supp. 2d 679, 682 (S.D.N.Y. 2005). Even if the MLBPA Regulations and Genske's employment agreement contain arbitration agreements between the parties and enforceable by Genske,[1] the claim under the promissory note does not require construction of the MLBPA Regulations or Genske's employment contract. The promissory note becomes due if Genske's employment "terminates for any reason." (*See* Dkt. No. 1-3 Ex. A at 1.) Nothing in the note refers to the terms of Genske's employment, nor does it logically relate to the rights and privileges arising under his employment agreement. *See, e.g., DDS Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (N.Y. App. Div. 2004) ("The note provides that repayment . . . would be due upon defendant's 'termination for any reason' . . . . There is nothing in the note which requires reference to another document to determine its meaning. Thus, the . . . court erred in relying on extrinsic evidence, to wit, the employment agreement."). By the same token, the claim under the promissory note does not require construction of or implicate rights arising from the MLBPA Regulations. Accordingly, a stay under § 3 of the FAA is unwarranted.

---

[1] Neither party filed the employment contract with the Court, nor has either party explained how the MLBPA Regulations directly bind them or are enforceable by them.

The Court also declines to exercise its inherent authority to stay the case. The movant seeking a stay pursuant to the Court's inherent authority bears a heavy burden; the movant must show that "there are issues common to the arbitration and the court proceeding, that those issues will be finally determined by arbitration, . . . that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not cause undue hardship to the non-moving parties." *GlobeNet Cabos Submarinos Am. Inc. v. FSF Tech. LTDA EPP*, No. 18 Civ. 4477, 2019 WL 1437163, at *2 (S.D.N.Y. Mar. 29, 2019) (internal quotation marks and citations omitted). Because the promissory note does not contain an arbitration agreement and is not governed by any extrinsic agreement, and because the claim at issue in this matter is logically unrelated to Genske's claims under his employment agreement, the Court cannot conclude that there exist common issues that will be finally determined by arbitration. Moreover, the prejudice to TLA of further delaying this litigation is substantial. TLA filed suit under N.Y. C.P.L.R. § 3213, a provision of New York law that facilitates expeditious consideration of claims based on an instrument for the payment of money only. Consideration of TLA's claim has now been delayed for more than ten months. Further delay is not warranted.

For the foregoing reasons, Defendant's motion to stay is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: January 22, 2020
   New York, New York

_____
J. PAUL OETKEN
United States District Judge